IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOBBY CAMPBELL et al., | : | CIVIL ACTION |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| OXFORD ELECTRONICS, INC. et al., | : | |
| Defendants | : | No. 07-4061 |

**M E M O R A N D U M**

PRATTER, J.                                                                                          JULY 30, 2008

**INTRODUCTION**

This is a motor-vehicle products-liability action concerning the death of Dennis

Campbell, who was injured and later died after he fell from a provisional truck during the course

of his employment by Southwest Airlines ("Southwest") at Philadelphia International Airport.

Defendant Oxford Electronics, Inc. ("Oxford") now moves for leave to join Southwest as

a third-party defendant in this case.  Plaintiffs oppose the motion.  For the reasons discussed

below, Oxford's motion will be denied.

**JURISDICTION**

The Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because the citizenship of the

parties is diverse and the amount in controversy exceeds $75,000.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Complaint alleges that on August 8, 2005, Dennis Campbell was operating a

provisional truck during the course of his employment as a provisional agent for Southwest

Airlines at the Philadelphia International Airport.  (Compl. ¶ 10.)   The truck was manufactured,

designed, distributed, sold or maintained by Oxford.  (Compl. ¶ 11.)

While he was working, Dennis fell from the back of the truck, and suffered "catastrophic

injuries" that caused his death.

Plaintiffs, Bobby and Mary Campbell, who are suing as administrators of the estate of Dennis Campbell and in their own right, initiated this action in the Court of Common Pleas of Philadelphia County, and on September 27, 2007, Defendants removed the action to federal court where it was assigned to this Court's docket.  Plaintiffs' Complaint asserts the following three counts against all Defendants:  (1) wrongful death (negligence); (2) strict liability; and (3) right of survival.  All three claims allege that the Defendants' negligently manufactured, sold, and maintained the dangerous provisional truck that is alleged to have caused Dennis Campbell's death.

Oxford filed its Answer in this action on October 10, 2007.  On May 22, 2008, approximately seven and one half months later, Oxford filed the motion to join Southwest as a third-party defendant that is currently pending before the Court.

**LEGAL STANDARD**

Oxford's motion is governed by Federal Rule of Civil Procedure 14(a), which requires a defendant to seek the Court's leave to join an additional party if more than 10 days have elapsed since the defendant filed its original answer.[1]  In addition, pursuant to Local Rule 14.1, once the ten-day period specified in the Federal Rules expires, leave "will ordinarily be denied as untimely" when requested more than 90 days after the moving party has served its answer to the

---

[1] Rule 14(a) states:
A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 10 days after serving its original answer.

Fed. R. Civ. P. 14(a).

original complaint.  E.D. Pa. Local. R. Civ. P. 14.1(a).[2]  The Local Rule permits an exception if

the Court is satisfied that (1) the identity of the party sought to be joined or (2) the basis for

joinder "could not with reasonable diligence have been ascertained within said time period," in

which case the court may grant a brief extension "in the interests of justice."  Id.

In determining whether to permit the untimely filing of a third party complaint, the Court

may consider:  (1) the possible prejudice to plaintiff; (2) the potential for complication of issues

at trial; (3) the probability of trial delay; and (4) the timeliness of the attempt to join third parties.

Welde v. Beneficial Ptnrs., L.P., 2006 U.S. Dist. LEXIS 62621, at *15 (E.D. Pa. Sept. 1, 2006)

(citing Carney's Point Metal Processing, Inc. v. Reco Constructors, No. 04-4869, 2006 U.S. Dist.

LEXIS 17554, at *2 (E.D. Pa. Apr. 6, 2006) (citing Con-Tech Sales Defined Benefit Trust v.

Cockerham, 715 F. Supp. 701, 704 (E.D. Pa. 1989)).  The party seeking leave bears the burden of

demonstrating that the delay in filing was justified.  Welde, 2006 U.S. Dist. LEXIS 62621, at *15

(citing Carney's Point, 2006 U.S. Dist. LEXIS 17554, at *2 (citing Zielinski v. Zappala, 470 F.

Supp. 351, 353 (E.D. Pa. 1979))).  "The Court enjoys 'substantial room for the exercise of

discretion' in the application of Local Rule 14.1."  Sullivan v. Limerick Golf Club, Inc., 2008

U.S. Dist. LEXIS 47807, 4-5 (E.D. Pa. June 23, 2008) (citing Con-Tech Sales, 715 F. Supp. at

704 (citing Hornsby v. Johns-Manville Corp., 96 F.R.D. 367, 369 (E.D. Pa. 1982))).

---

[2] Local Rule 14.1(a) provides as follows:
(a) Applications pursuant to Fed. R. Civ. P. 14 for leave to join additional parties
after the expiration of the time limits specified in that rule will ordinarily be denied
as untimely unless filed not more than ninety (90) days after the service of the
moving party's answer. If it is made to appear, to the satisfaction of the court, that the
identity of the party sought to be joined, or the basis for joinder, could not, with
reasonable diligence, have been ascertained within said time period, a brief further
extension of time may be granted by the court in the interests of justice.
E.D. Pa. Local. R. Civ. P. 14.1(a).

**DISCUSSION**

Oxford seeks to join Southwest Airlines, Dennis Campbell's employer, as a third party defendant in this case. The basis for its proposed third party complaint is Oxford's allegation that Southwest is obligated to indemnify Oxford pursuant to a service contract between the two parties.[3] In its motion, Oxford does not cite Local Rule 14.1(a), nor does it seek to explain why its late filing should be excused under that Rule. Instead, it summarily claims that leave to join Southwest should be granted in this case because (1) the motion is timely, having been filed after Southwest refused to indemnify Oxford; (2) joinder would not complicate issues; (3) joinder "should not" delay trial; and (4) joinder will not prejudice Plaintiffs.

Plaintiffs oppose Oxford's motion on timeliness grounds, and on the merits. With respect to timeliness, Plaintiffs correctly note that Oxford's motion to join Southwest, filed on May 22, 2008, was filed almost eight months after it filed its Answer in this case on October 9, 2007. Therefore, Oxford's delay violates Federal Rule 14(a) and Local Rule 14.1(a).

The Court concludes that Oxford's motion should be denied because Oxford has not

---

[3] The service contract between Southwest and Oxford includes the following provision:

> BUYER'S INDEMNITY: Buyer [Southwest] shall indemnify and hold Seller [Oxford] armless from and against all claims, proceedings, suits, losses, judgments, costs, penalties, fines or any other liability arising from property damage or bodily injury of whatever nature or kind, including death, caused by he acts or omissions of Buyer, its employees, agents, subcontractors or affiliates in connection with the performance of the Work. BUYER SHALL NOT BE LIABLE TO SELLER FOR INDIRECT, INCIDENTAL, CONSEQUENTIAL OR LOSS OF USE DAMAGES RESULTING FROM A CLAIM UNDER THIS INDEMNITY PROVISION.

Oxford claims, by reference to its proposed third-party complaint against Southwest, that Dennis's injuries and damages "arise solely from the acts and/or omissions of Southwest." (Oxford Mot. ¶ 5.) Oxford argues, therefore, that under the contract Southwest is required to indemnify and defend Oxford in this matter.

carried its burden of demonstrating that its delay in filing was justified.  Quite simply, Oxford

has offered no justification for its delay of nearly eight months in seeking to join Southwest as a

third party defendant.

Moreover, Oxford does not meet the requirements of either of the exceptions specified in

the Local Rule.  Oxford cannot claim to have been unaware of the "identity" of Southwest, as

Plaintiffs identified Southwest as Dennis Campbell's employer in the Complaint.  Oxford

attached its service contract with Southwest, which is dated April 14, 2004, to its motion,

indicating that the business relationship between Oxford and Southwest predated this federal

civil action by at least three years.  In addition, Plaintiffs note that Oxford was aware of the

"basis for joinder" of Southwest, i.e., Oxford's claims for indemnification and contribution, for

over a year before it filed the instant motion.  Plaintiffs attached to their response a letter dated

May 4, 2007 from Oxford's counsel to Southwest in which Oxford requested Southwest to

accept Oxford's tender of a defense, and to indemnify and hold Oxford harmless in this case.

Thus, Oxford knew of, and sought indemnification from, Southwest five months before Oxford

filed its Answer in this case and almost 13 months before Oxford filed the instant motion seeking

to join Southwest as a defendant.

Finally, and significantly, Oxford offers no justification for its failure to move to join

Southwest earlier, except to note that it so moved after Southwest refused to indemnify and

defend Oxford in this case.  However, that is no justification at all.  With that statement, Oxford

essentially admits that it sat on its rights for over a year while it negotiated with Southwest and

merely hoped for the best.  Although it might be said that Oxford's delay in acting was respectful

of the notion that, where feasible, parties should not foment potentially unnecessary litigation – a

notion that the Court often applauds – the practical balancing between attempting to avoid

litigation and protecting one's rights to litigate has been achieved by the 90-day indulgence of the

Local Rule.  Here Oxford cannot be said to have exercised  "reasonable diligence" in pursuing its

claims against Southwest.

Because Oxford's motion was filed more than seven months after it filed its Answer in

this case, and because Oxford offered no meritorious justification for not filing this motion

within the time periods provided by the Federal or Local Rules, the Court finds that Oxford's

delay was inexcusable.  See Welde, 2006 U.S. Dist. LEXIS 62621, at *15-16  (finding moving

defendant's unjustified 10-month delay in filing motion inexcusable).  Accordingly, Oxford's

motion will be denied.[4]

---

[4] Application of the four factors cited above is not warranted in this case because
Oxford's deliberate delay overwhelms the remaining factors.  Moreover, Oxford has not cited
any reasons why it is incapable or unable to pursue its contract claims against Southwest in a
separate law suit.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BOBBY CAMPBELL et al., | : | CIVIL ACTION |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| OXFORD ELECTRONICS, INC. et al., | : | |
| Defendants | : | No. 07-4061 |

**O R D E R**

   **AND NOW**, this 30th day of July, 2008, upon consideration of Defendant Oxford

Electronic Inc.'s Motion to Join Third-Party Defendant (Docket No. 25), and Plaintiffs' response

thereto (Docket No. 26), **IT IS ORDERED** that:

   1.   Defendant Oxford Electronic Inc.'s Motion to Join Third-Party Defendant
        (Docket No. 25) is **DENIED**.

   2.   Defendant Oxford Electronic Inc.'s Motion for Leave to File Reply Brief in
        Support of Motion for Leave to Join Third Party Defendant (Docket No. 29) is
        **DENIED**.[5]

   3.   Plaintiffs' Motion to Withdraw their pending motions to compel (Docket No. 35)
        is **GRANTED** and Plaintiffs' Motion to Compel Specific Answers to Discovery

---

   [5] Oxford's Motion for Leave to File Reply Brief (Docket No. 29) also is denied because it is untimely. The Court's Pretrial and Trial Procedures, under the heading "Reply and Surreply Briefs," state that "[r]eply and surreply briefs may be filed and served within seven (7) days of service of the brief to which the reply or surreply responds unless the Court sets a different schedule." (Ct.'s Gen. Pretrial & Trial P. II.C.2.)
   Similar to its failure to cite the applicable Local Rule in its motion for leave to join Southwest, discussed in the Memorandum accompanying this Order, Oxford failed to cite or acknowledge its violation of the Court's Procedures. The sole authority cited by Oxford in its motion is Local Rule 7.1(c), which, in pertinent part, states: "The court may require or permit further briefs if appropriate."
   In this case, Plaintiff's response to Oxford's motion to join Southwest was filed with the Court and served on the parties on June 4, 2008, yet Oxford did not seek leave to file a reply brief until June 26, 2008 – 22 days later. Therefore, Oxford's motion is untimely. As with its motion to join Southwest, Oxford did not seek to explain or justify its delay. Accordingly, the motion is denied.

Requests to Oxford Electronics, Inc, (Docket No. 31), Plaintiffs' Motion to
Compel Specific Answers to Discovery Requests to Vinci Airport US, Inc.
(Docket No. 32), and Plaintiffs' Motion to Compel Specific Answers to Discovery
Requests to Worldwide Flight Services, Inc. (Docket No. 33) are deemed
**WITHDRAWN**.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge